ALFRED WEAVER, plaintiff in error, vs. BERNARD M. PETEET,
defendant in error.

The testimony of an aged and infirm witness, who is unable to attend Court,
taken by commission, may be read on the trial, without any preliminary
proof, that the disability of the witness still continues.

Rule nisi for a new trial, Fannin Superior Court, May
Term, 1858.   His Honor GEORGE D. RICE, presiding.

The case is stated in the opinion of the Court.

D. A. WALKER, attorney for Weaver.

JNO. H. UNDERWOOD, attorney for Peteet.

*By the Court.*—LUMPKIN J. delivering the opinion.

The testimony of John Thomas, an aged and infirm per-
son, was taken in this case, under the Acts of 1811 and 1835,

Weaver vs. Peteet.

*(Cobb, 266, 268.)* At the hearing the point was made, that before the evidence could be read, it was incumbent upon the party offering it, to show that the disability of the witness still continued. The Court decided otherwise, and we think rightly.

The caption to the commission is not copied in the bill of exceptions. We suppose it was in the usual form. And the presumption of law is, that the witness is still unable to attend Court. In other words, in the same condition he was in when the interrogatories were executed, until the contrary appears.

If a witness is alleged to reside out of the county, no preliminary proof is required to be made of the fact at the trial. If it be made to appear that the witness has removed within the county where the cause is pending, and the fact is known to the party who examined him by commission, in time to procure his personal attendance, the old practice, I believe, was to consider the testimony taken by the interrogatories, to be superseded. It is not necessary to decide that question. The personal attendance of the witness, also, will dispense with the testimony taken under a commission.

A person does not usually get less infirm as his years multiply. If the grass-hopper was a burden when the commission was executed, it is not apt to be less so at the trial. If the opposite party desired it, he could have subpœnaed the witness, and thus, as well as by proof, have tested his ability to attend Court personally.

Judgment affirmed.